## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WINSTON RAY WALTERS,                )
                                    )
                    Petitioner,     )
                                    )
v.                                  )        Case No. CIV-24-179-PRW
                                    )
DAVID COLE,                         )
                                    )
                    Respondent.     )
                                    )

## ORDER

Before the Court is Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 5), which recommends dismissal of the Petition for Writ of Habeas Corpus (Dkt. 1). Despite being granted an extension of time to respond (Dkt. 7), Petitioner has filed no objections to the Report.

Having reviewed the matter *de novo*, the Court concurs with Judge Erwin's conclusions that the Petition (Dkt. 1) was not timely filed under the limits established by the Antiterrorism and Effective Death Penalty Act ("AEDPA")[1] and that no statutory, equitable, or constitutional basis for extending the AEDPA period applies. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 5) in full and **DISMISSES** the Petition (Dkt. 1) with prejudice.[2]

---

[1] 28 U.S.C. § 2244(d).

[2] Before a habeas petitioner may appeal the dismissal of a § 2254 petition, he must obtain a Certificate of Appealability ("COA"). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial

**IT IS SO ORDERED** this 5th day of June 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.